**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONALD E. MITCHELL, JR.,

    Plaintiff

v.

N. BREITENBACH, et al.,

    Defendants

Case No.: 3:23-cv-00276-CSD

**Order**

Re: ECF No. 84

Plaintiff has filed a motion to strike two documents from Defendants' second supplemental disclosures: (1) the Inspector General's Investigative Closure Report and (2) Plaintiff's Booking Summary Report. (ECF No. 84.) Defendants oppose the motion. (ECF No. 85.)

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate

insubordinate...conduct." *Id*. (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

First, with respect to the Investigative Closure Report, Plaintiff argues that it is biased and does not believe an investigation was ever conducted.

Second, Plaintiff claims that his booking summary report is prejudicial as it contains information, including Plaintiff's tattoos and religion, that are not relevant to this civil rights action.

Defendants are correct that these documents were produced as part of their disclosures, and have not been filed in connection with any document in this case, or proffered as evidence in any manner. The documents are not in the "record," as Plaintiff suggests, and as such, there is nothing for the court to strike. Plaintiff can make an argument about the authenticity or veracity of the investigative report *if* it is offered by Defendants as evidence in connection with a motion for summary judgment or at trial, but his arguments are premature where the document has not been offered as evidence. The same logic applies to the booking summary. Plaintiff may make an argument as to its relevance and/or admissibility if it is offered in connection with a motion for summary judgment or at trial, through a motion *in limine*.

For these reasons, Plaintiff's motion to strike (ECF No. 84) is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 7, 2026

_____
Craig S. Denney
United States Magistrate Judge

2